| | |
|---|---|
| STRASBURGER & PRICE, LLP<br>Charles "Scott" Nichols<br>(SBN224257)<br>E-mail: scott.nichols@strasburger.com<br>Jack G. Carnegie<br>(*pro hac vice*)<br>E-mail: jack.carnegie@strasburger.com<br>Zachary W. Thomas<br>(SBN 298174)<br>E-mail: zach.thomas@strasburger.com<br>909 Fannin, Suite 2300<br>Houston, Texas 77010<br>Telephone: (713) 951-5600<br>Facsimile: (713) 951-5660<br><br>WILLIAMS KHERKHER LAW FIRM<br>E. Armistead "Armi" Easterby<br>(*pro hac vice*)<br>E-mail: aeasterby@williamskherkher.com<br>Sean McCarthy<br>(*pro hace vice*)<br>E-mail: smccarthy@williamskherkher.com<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>Telephone: (713) 230-2200<br>Facsimile: (713) 643-6226<br><br>*Attorneys for Plaintiffs* | SEYFARTH SHAW LLP<br>D. WARD KALLSTROM<br>(SBN 76937)<br>E-mail: wkallstrom@seyfarth.com<br>KEVIN J. LESINSKI<br>(SBN 110862)<br>E-mail: klesinski@seyfarth.com<br>JONATHAN A. BRAUNSTEIN<br>(SBN 227322)<br>E-mail: jbraunstein@seyfarth.com<br>560 Mission Street, 31st Floor<br>San Francisco, California 94105<br>Telephone: (415) 397-2823<br>Facsimile: (415) 397-8549<br><br>LEONARD CARDER LLP<br>CHRISTINE S. HWANG<br>(SBN 184549)<br>E-mail: chwang@leonardcarder.com<br>LINDSAY R. NICHOLAS<br>(SBN 273063)<br>E-mail: lnicholas@leonardcarder.com<br>SARA B. TOSDAL<br>(SBN 280322)<br>E-mail: stosdal@leonardcarder.com<br>1188 Franklin Street, Suite 201<br>San Francisco, California 94109<br>Telephone: 415-771-6400<br>Facsimile: 415-771-7010<br><br>*Attorneys for Defendants* |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY CITY SURGERY CENTER, INC., et al.,<br><br>          Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN BOARD OF TRUSTEES, et al.,<br><br>          Defendants. | Case No. 15-cv-6209 MWF (AFM)<br><br>**STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; ORDER**<br><br>Date Action Filed: August 14, 2015 |

Discovery in this action is likely to involve production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In the interest of ensuring an efficient and prompt resolution of the above-captioned action and of protecting confidential information from improper disclosure, Plaintiffs Bay City Surgery Center, Inc., Medical Plaza of San Pedro, Inc., PACU, Inc., Minimally Invasive Surgical Team of Glendale, Inc., S.H.A.R.P. Treatment of South Bay, Inc., and Southbay Spine Group, Inc. (collectively, "Plaintiffs") and Defendants ILWU-PMA Welfare Plan Board of Trustees and ILWU-PMA Welfare Plan ("Defendants," and together with Plaintiffs, the "Parties"), by and through their counsel of record, hereby stipulate to the following Protective Order, subject to approval and entry by the Court pursuant to Federal Rule of Civil Procedure 26(c). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties submit that "good cause" exists to enter this Protective Order in light of the sensitive and confidential nature of personal health and other private information underlying the Parties' disputes. In particular, the Parties' disputes will involve the examination of patients' medical records and other documents containing protected health information otherwise generally unavailable to the public and which is protected from disclosure pursuant to, *inter alia*, the Health Insurance Portability and Accountability Act (HIPAA). To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for trial, and to serve the ends of justice, a protective order governing the treatment and disclosure of such information is justified in this matter. It is the intent of the Parties that information will not be designated as "confidential" without a good faith belief that it has been

maintained in a confidential, non-public manner and that there is good cause why it should not be part of the public record of this case.

The Parties further acknowledge, as set forth in paragraph 12 below, that this Protective Order does not entitle them to file confidential information under seal absent compliance with Civil Local Rule 79-5.

1. Definitions

    a) "Acclaim Recovery" shall refer to Acclaim Recovery Management and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

    b) "Action" means the above-captioned case pending in this Court, including any related discovery, pretrial, trial, post-trial or appellate proceeding.

    c) "Badger Billing" shall refer to Badger Billing Company and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

    d) "Confidential Health/Identifying Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that specifically identifies a Plan participant or beneficiary, or a patient of any of the Plaintiffs, and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, or the provision of health care to such individual. Confidential Health/Identifying Material consists of: medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of

benefits, checks, notices, and requests for information or documentation related to a Plan participant or beneficiary, as well as any summaries or compilations of the information contained in these documents, to the extent that such documents includes information that independently constitutes Confidential Health/Identifying Material such as a Plan participant or beneficiary's social security number.  Confidential Health/Identifying Material is intended to encompass all documents or information regarding individuals subject to the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), or other similar statutory or regulatory privacy protections. Confidential Health/Identifying Material is limited to records that contain any of the following Unredacted participant, patient, or member identifiers:

i.   names;

ii.  all geographic subdivisions smaller than a City, including street address and zip code;

iii. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

iv.  telephone numbers;

v.   fax numbers;

vi.  electronic mail addresses;

vii. social security numbers;

viii. medical record numbers;

ix.  account numbers;

x.   certificate/license numbers;

      xi.    vehicle identifiers and serial numbers, including license plate numbers;

      xii.    web universal resource locators ("URLs") specific to a participant or beneficiary;

      xiii.    internet protocol ("IP") address numbers specific to a participant or beneficiary;

      xiv.    biometric identifiers, including finger and voice prints;

      xv.    full face photographic images and any comparable images; and

      xvi.    any other unique identifying number, characteristic, or code.

  e)  "Confidential Business Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that reflect information of a proprietary business or confidential nature and which the Designating Person (including any Party, TC3, ICM, Badger Billing, or Acclaim Recovery) does not reveal to competitors, potential competitors or third parties other than under compulsion in a court or other proceeding, or which the Designating Person (including any Party, TC3, ICM, Badger Billing, or Acclaim Recovery) causes third parties to maintain in confidence, or documents and/or information that any of the Parties reasonably believes to constitute or contain trade secrets, proprietary information, confidential research, development, testing, or commercial information, or other similar information that is entitled to protection pursuant to the California Uniform Trade Secrets Act or any equivalent law or rule of any other applicable jurisdiction (a "Trade Secret"). "Confidential Business Material" consists of: private or confidential data about specific customers or employees, or former customers or employees, of the Designating Party, the Designating Party's vendors, or other related

entities; documents and/or information concerning aspects of the Designating Party, the Designating Party's vendors', or other related entities' business that is entitled to protection as a Trade Secret; documents and/or information concerning the relevant entity's finances to the extent such information constitutes a Trade Secret; and any summaries or compilations of the information contained in the aforementioned documents, but only to the extent that such summaries or compilations themselves include Unredacted Confidential Business Material or constitute Trade Secrets, including all contracts and agreements between and among the Plan, Zenith, ICM and TC3 with respect to welfare benefits servicing and claim handling in connection with this case, all contracts and agreements between and among the Plaintiffs, Badger Billing, and Acclaim Recovery, and all memoranda, correspondence, emails or other documents which reflect, refer or relate to any such contracts and agreements.

f) "Confidential Material" shall mean Confidential Health/Identifying Material and/or Confidential Business Material.

g) "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

h) "ICM" shall refer to Innovative Care Management, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

i) "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts, and summaries thereof, relating to this case.

j) "Order" shall refer to this Stipulated Protective Order.

1      k)      "Party" or "Parties" mean any named party to this action, including all counsel and their support staff.

l)      "Person" shall refer to and include:

     i.      all Parties to the Action; and

     ii.      any other person or entity receiving, producing or disclosing Material in the Action.

m)      "Plan" shall refer to the ILWU-PMA Welfare Plan.

n)      "Producing Person" or "Producing Party" shall mean and refer to a Person (including a Party) that produces Material in the Action.

o)      "Receiving Person" or "Receiving Party" shall mean and refer to a Person (including a Party) that receives Material from a Producing Person or Producing Party.

p)      "Redacted" when used with reference to Confidential Material shall mean redactions or modifications which are sufficient to cause the Confidential Material to cease to be Confidential, such as by redacting a Person's name, social security number or other identifying data. When data has been Redacted, each such redaction shall bear a notation that the data has been redacted.

q)      "TC3" shall refer to TC3 Health, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

r)      "Unredacted" shall refer to Confidential Material that could be, but has not been, redacted.

s)      "Zenith" shall refer to Zenith American Solutions, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

2. This Order shall govern the handling of all Confidential Material produced during the course of the Action voluntarily, or in response to any discovery request made pursuant to the Federal Rules of Civil Procedure, or as required or permitted by Court order. The provisions of this Order shall apply to any Party to this Action or any other Person or entity that produces Confidential Material during the course of this Action.

3. All Unredacted Confidential Material shall be used only for purposes of preparing for and conducting the Action, including any appeals thereof, and shall not be used by the Parties (other than the Producing Person) for any other purposes. The Court reserves the right to modify this Order for good cause shown.

4. If Plaintiffs produce any Confidential Health/Identifying Material that identifies any of Plaintiffs' patients who is not a Plan participant or beneficiary, then Defendants and their employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on their behalf, agree not to use the Confidential Health/Identifying Material to contact the patient for any purpose.

5. All Material produced in the Action, if such Material contains Confidential Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing. In the case of electronically stored information produced in native format, the material may be designated by including "CONFIDENTIAL" in the file or directory name, or by affixing the CONFIDENTIAL legend onto the media containing the Material (*e.g.*, CDROM, thumb drive, DVD). It shall be the responsibility of the Producing Person to cause all Confidential Material to be designated by the time such Confidential Material is disclosed. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.

Then, before producing the specified documents, the Producing Party must mark them Confidential consistent with this paragraph.

6. Any copies, excerpts, summaries or other documents reflecting or referring to the Confidential substance or contents of Confidential Material other than in Redacted form shall be designated as Confidential in accordance with this Order.

7. Except as otherwise provided in this Order, all Confidential Material shall be subject to the following restrictions:

    a) The Confidential Material shall not be given, shown, made available or communicated in Unredacted form by any Receiving Person to anyone except those persons specified in subparagraph 7(b) below to whom the Receiving Person reasonably believes it is necessary that such Confidential Material be given or shown for the purpose permitted under paragraph 3 above.

    b) Except as ordered by the Court, Unredacted Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows and subject to the provisions set forth in paragraph 8 below:

        i. The Parties;

        ii. Counsel of record for each Party, including attorneys, clerical, paralegal, and other staff employed by such counsel, and including any outside vendors providing litigation support or photocopying services, who are assisting in the conduct of the Action (counsel's signature to this Stipulated Protective Order shall be deemed to fulfill all signature requirements of this Order for counsel and the represented Party);

        iii. Witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to paragraph 8 below;

        iv.     Such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, subject to paragraph 8 below;

        v.     The Court, court personnel, potential jurors, jurors, or alternate jurors; and

        vi.     Court reporters and their employees used in connection with the conduct of the Action.

8. Each Qualified Person described in subparagraph 7(b)(iii) or 7(b)(iv), above to whom Unredacted Confidential Material is disclosed shall first be provided with a copy of this Order and advised that such Unredacted Confidential Material is being disclosed pursuant to and subject to the terms of this Order and that the Unredacted Confidential Material may not be disclosed other than pursuant to the terms hereof. It shall be the responsibility of counsel providing access to each Person (other than the Producing Person) to whom Unredacted Confidential Material is disclosed with a copy of this Order. Counsel shall also cause each person described in subparagraph 6(b)(iii) or 6(b)(iv) above to execute a certificate in the form attached as Exhibit A to this Order prior to disclosing any Unredacted Confidential Material and shall be responsible for holding the copy of the executed certificate.

9. Subject to all provisions of this Protective Order (including those regarding the procedures for challenging a "Confidential Material" designation), information or testimony disclosed at a deposition (and all or part of any exhibits thereto) may be designated as Confidential Material by the Person providing such testimony, by a Party, or by a Producing Person, if such Person either:

        a)     Identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

        b)     Provides written notification to all Parties within 30 calendar days of receipt of the transcript of the deposition specifying those pages and

lines of the transcript, and those portions of deposition exhibits, that are designated as Confidential Material.

10. In the event a Party reasonably determines that it is necessary at a deposition or hearing to show any Unredacted Confidential Material to a witness, as described in subparagraph 7(b), above, any testimony directly related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 5 of this Order.

11. Any Party may designate as "Confidential" any portion of a document that is produced or disclosed without such designation by any third party, within thirty (30) business days of production of such document (or such other time as may be agreed), provided that and to the extent the designating Party reasonably determines that such document contains Unredacted Confidential Material of a designating Party, was given to the non-Party on a confidential basis, and the non-Party was required by statute, law, rule or contract to maintain in confidence.

12. Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall not be filed, independently or as an attachment or exhibit to any other document, in the public court file unless Redacted, or except as provided in Civil Local Rule 79-5 and the Honorable Michael Fitzgerald's Procedures and Schedules. In other words, so long as all Protected Health Information ("PHI") and any other private and Confidential Material has been Redacted, the Parties need not treat the information as Confidential.

13. No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect confidential information or has been properly designated as Confidential Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order, or to use or disclose Redacted Confidential Material.

10
STIPULATED PROTECTIVE ORDER RE PRODUCTION AND
USE OF CONFIDENTIAL MATERIAL / CASE NO.: 15-cv-6209 MWF (AFM)

lines of the transcript, and those portions of deposition exhibits, that are designated as Confidential Material.

10. In the event a Party reasonably determines that it is necessary at a deposition or hearing to show any Unredacted Confidential Material to a witness, as described in subparagraph 7(b), above, any testimony directly related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 5 of this Order.

11. Any Party may designate as "Confidential" any portion of a document that is produced or disclosed without such designation by any third party, within thirty (30) business days of production of such document (or such other time as may be agreed), provided that and to the extent the designating Party reasonably determines that such document contains Unredacted Confidential Material of a designating Party, was given to the non-Party on a confidential basis, and the non-Party was required by statute, law, rule or contract to maintain in confidence.

12. Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall not be filed, independently or as an attachment or exhibit to any other document, in the public court file unless Redacted, or except as provided in Civil Local Rule 79-5 and the Honorable Michael Fitzgerald's Procedures and Schedules. In other words, so long as all Protected Health Information ("PHI") and any other private and Confidential Material has been Redacted, the Parties need not treat the information as Confidential.

13. No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect confidential information or has been properly designated as Confidential Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order, or to use or disclose Redacted Confidential Material.

1        14.     A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

         15.     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice or face to face dialogue; other forms of communication are not sufficient) with counsel for the Designating Person, who shall make herself or himself available at a reasonably convenient time within three (3) business days.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within five (5) business days of the date the challenging Party explains its belief that the confidentiality designation was not proper.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged (or the designating Party refuses timely to engage) in this meet and confer process first.

         16.     Judicial Intervention.  If counsel are unable to settle their differences, they shall formulate a written stipulation, unless otherwise ordered by the Court.  The stipulation shall be filed and served with the notice of motion. The stipulation must be set forth in one document signed by counsel for all Parties.  The stipulation shall contain all issues in dispute and, with respect to each such issue, the contentions, points, and authorities of each Party.  The specification of the issues in dispute, and the Parties' contentions, points, and authorities with respect to such issues, may be preceded by an introductory statement from each Party, provided that no Party's introductory statement shall exceed three (3) pages in length.  When a Party states its contentions with respect to a particular issue, such Party shall also state how it proposed to resolve the dispute over that issue at the conference of counsel.  Following the conference of counsel, counsel for the challenging Party shall personally deliver, e-mail, or fax to counsel for the designating Party the challenging Party's portion of the stipulation, together with all

declarations and exhibits to be offered in support of the challenging Party's position. Unless the parties agree otherwise, within seven (7) days of receipt of the challenging Party's material, counsel for the designating Party shall personally deliver, e-mail, or fax to counsel for the challenging Party the designating Party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the designating Party's position. After the designating Party's material is added to the stipulation by the challenging Party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the challenging Party no later than the end of the next business day, so that it can be filed with the notice of motion. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion. The burden of persuasion in any such challenge proceeding shall be on the Designating Person. *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Person's designation.

17. Subject to paragraph 3 above, should any non-Party seek access to the Confidential Material, by request, subpoena, or otherwise, then the recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access. If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he/she or it is a party, or (c) is served with any other legal process by one not a party to this Action seeking Material which was produced and designated as Confidential Material, the Receiving Person shall give prompt, written notice, by hand, e-mail, or facsimile transmission within ten (10) business days of receipt of such subpoena, demand or legal process, to those who produced and/or designated the Material. The Receiving Person **shall not** produce any of the Producing Person's Unredacted Confidential Material, unless ordered by a court to do so, until the later of (i) ten (10) business days after providing the required notice to the Producing Person, or

(ii) the date of production specified in, or required by, the subpoena, demand or other legal process. The Producing Person shall be solely responsible for timely asserting any objection to the requested production.

18. Even after final disposition of this Action, this Order, insofar as it restricts the communication and use of Unredacted Confidential Material, shall remain in effect until a Designating Person agreed otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

19. After the final disposition of this Action, as defined in paragraph 18, within 60 days of a written request by the Designating Person, each Receiving Party must return all Unredacted Confidential Material to the Producing Party or destroy such material. As used in this subdivision, "all Unredacted Confidential Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Unredacted Confidential Materials. Whether the Unredacted Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Person) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Unredacted Confidential Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Unredacted Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition, and hearing transcripts, legal memoranda, correspondence, deposition exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Unredacted Confidential Material. Any such archival

1  copies that contain or constitute Unredacted Confidential Material remain subject to this
2  Protective Order.
3      20.    Unless the Parties agree or the Court orders otherwise, the Court retains
4  jurisdiction after  termination of this Action, to enforce the terms of this Order to make
5  such amendments, or additions to this Order as it may from time to time deem
6  appropriate or may be appropriate upon a motion by any Party.
7      21.    The protection of Confidential Health/Identifying Material and Confidential
8  Business Material at trial shall be governed by orders of the trial judge.
9      22.    Nothing herein shall be deemed to waive or limit any applicable privilege or
10 work product or other protection, or to affect the ability of a party to seek relief for the
11 disclosure of information protected by privilege or work product protection, regardless of
12 the steps taken to prevent disclosure.
13     23.    The production of privileged or protected material, whether inadvertent or
14 otherwise, is not a waiver of the privilege or protection from discovery in this case or in
15 any other federal or state proceeding.  Regardless of the steps taken to prevent disclosure,
16 if a party produces information that it discovers, or in good faith later asserts, to be
17 privileged or otherwise protected from disclosure, the production of that information will
18 not constitute a waiver of any applicable privileges or other protection, and the Receiving
19 Party may not argue that the Producing Party failed to take reasonable steps to prevent
20 production of the privileged or protected materials.
21     24.    In such circumstances, the Producing Party must notify in writing the
22 Receiving Party of the production and the basis for the privilege or other protection, and
23 request in writing the return or treatment of the produced privileged or protected
24 information consistent with Federal Rule of Civil Procedure 26(b)(5)(B).  When a
25 Producing Party provides such notice, the obligations of the Receiving Parties are those
26 set forth in Federal Rule of Civil Procedure 26(b)(5)(B), and encompass all later created
27 excerpts, summaries, compilations, and other documents or records that include,
28 communicate or reveal the information claimed to be privileged or protected.

25. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

26. In the event that any Producing Party discovers that any Unredacted Confidential Material has been disclosed to any person not entitled under this Protective Order to receive such Unredacted information, the Producing Party, upon discovering the unauthorized disclosure, shall immediately (a) inform the Receiving Party in writing of the circumstances of the disclosure; (b) inform the receiving person or entity of the existence and terms of this Protective Order; (c) make its best efforts to retrieve any unauthorized disclosed documents or Materials; and (d) make its best efforts to obtain an undertaking in the form attached hereto from the person who was not entitled to receive such Unredacted information. Such unauthorized disclosure shall not cause the disclosed information to lose its confidential status.

27. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

28. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

//
//
//
//
//
//
//
//

**All other signatories listed, and on whose behalf the filing is submitted, have authorized the filing.**

  **IT IS SO STIPULATED.**

DATED: January 4, 2017

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| STRASBURGER & PRICE, LLP | SEYFARTH SHAW LLP |
| By: */s/ Scott Nichols* <br>  Charles "Scott" Nichols <br>  Jack G. Carnegie <br>  Zachary W. Thomas | By: */s/ Ward Kallstrom* <br>  D Ward Kallstrom <br>  Kevin J. Lesinski <br>  Jonathan A. Braunstein |
| WILLIAMS KHERKHER LAW FIRM | LEONARD CARDER LLP |
| By: */s/ Armi Easterby* <br>  F. Armistead "Armi" Easterby <br>  Sean McCarthy | By: */s/ Christine S. Hwang* <br>  Christine S. Hwang <br>  Lindsay Nicholas <br>  Sara B. Tosdal |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

//
//
//
//
//
//
//
//
//
//
//
//
//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

For good cause shown, it is so ordered.

1/6/2017

_____
Alexander F. MacKinnon
United States Magistrate Judge

**EXHIBIT A**

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in the matter captioned *Bay City Surgery Center, Inc., et al. v. ILWU-PMA Welfare Plan Board of Trustees, et al.*, Case No. 15-cv-6209 MWF (AWM), pending in the United States District Court for the Central District of California, that I understand and agree to be bound by its terms, and that I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the enforcement of such terms.  I acknowledge that I will treat any "Confidential Material" (within the meaning of the term set forth in the Stipulated Protective Order) that I receive in this action strictly in accordance with the terms of the Stipulated Protective Order.  I further acknowledge that I understand that any unauthorized use of any "Confidential Material" constitutes a violation of a Court order, for which I may be held in contempt of court.

Dated: _____

_____
Name (Print)

_____
Organization/Title (Print)

_____
Signature