SEYFARTH SHAW LLP
D. WARD KALLSTROM (SBN 76937)
E-mail:  wkallstrom@seyfarth.com
JONATHAN A. BRAUNSTEIN (SBN 227322)
E-mail:  jbraunstein@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

LEONARD CARDER LLP
CHRISTINE S. HWANG (SBN 184549)
E-mail: chwang@leonardcarder.com
LINDSAY R. NICHOLAS (SBN 273063)
E-mail: lnicholas@leonardcarder.com
SARA B. TOSDAL (SBN 280322)
E-mail: stosdal@leonardcarder.com
1188 Franklin Street, Suite 201
San Francisco, California 94109
Telephone:  (415) 771-6400
Facsimile:   (415) 771-7010

*Attorneys for ILWU-PMA Welfare Plan Board of Trustees and ILWU-PMA Welfare Plan*
[Additional counsel listed on next page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY CITY SURGERY CENTER, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br>　　v.<br>ILWU-PMA WELFARE PLAN BOARD OF TRUSTEES, *et al.*,<br>　　　　　Defendants.<br><br>ILWU-PMA WELFARE PLAN BOARD OF TRUSTEES, *et al.*,<br>　　　　　Counterclaimants,<br>　　v.<br>BAY CITY SURGERY CENTER, INC., *et al.*,<br>　　　　　Counter-Defendants. | Case No. 15-cv-6209 MWF (AFM)<br><br>**DECLARATION OF M. RYAN PINKSTON IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: PLAINTIFFS' FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS**<br><br>Date:　April 16, 2018<br>Time:　10:00 a.m.<br>Crtrm:　5A<br>Judge:　Hon. Michael W. Fitzgerald<br><br>Date Action Filed: August 14, 2015<br><br>FAC Filed: April 11, 2016 |

1  SEYFARTH SHAW LLP
   JOSEPH A. ESCAREZ (SBN 266644)
2  E-mail: jescarez@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  SCHWARTZ & CERA LLP
   DOUGLAS R. SCHWARTZ (SBN 98666)
6  E-mail: doug@schwartz-cera.com
   PETRA M. REINECKE (SBN 154482)
7  E-mail: petra@schwartz-cera.com
   88 Kearny Street, Suite 1850
8  San Francisco, CA 94108
   Telephone: 415-956-2600
9  Facsimile: 415-358-4770

10 *Attorneys for ILWU-PMA Welfare Plan and ILWU-PMA Welfare Plan Board of Trustees*

2

PINKSTON DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' FRAUD CLAIMS
CASE NO. 15-CV-6209-MWF (AFM)

I, M. Ryan Pinkston, hereby declare:

1. I am an attorney licensed to practice in the State of California and before this Court. I am an associate at Seyfarth Shaw LLP and one of the attorneys of record for Defendants ILWU-PMA Welfare Plan Board of Trustees (the "Board") and ILWU-PMA Welfare Plan (the "Plan") (together, "Defendants"). In this capacity I have knowledge of the facts set forth in this declaration. If called as a witness for this purpose, I would testify competently under oath to the facts stated herein.

2. I submit this declaration in support of Defendants' Motion for Partial Summary Judgment as to Plaintiffs' Fraud and Negligent Misrepresentation Claims Based on Lack of Evidence and ERISA Preemption ("Motion").

3. Plaintiffs contend that "all (or at least the vast majority) of claims at issue are covered by the Plan, and thus [Plaintiffs] have an ERISA cause of action for Plan benefits for those claims. That is why [Plaintiffs] alleged [their] ERISA plan benefits cause of action as [their] primary cause of action and [their] fraud/negligent misrepresentation causes of action in the alternative." (E-mail correspondence from Zachary Thomas, Plaintiffs' counsel, to M. Ryan Pinkston, Defendants' counsel (July 12, 2017, 2:17 p.m. PST) (a true and correct copy of which is included in the e-mail chain attached hereto as **Exhibit 1**).)

4. On October 17, 2016, and November 2, 2016, Defendants served an interrogatory upon each of the Plaintiffs seeking "the date, time, content, specific persons involved, and manner of communication (oral or written)" with respect to each alleged misrepresentation. (Bay City Surgery Center, Inc.'s Objections and Answers to ILWU-PMA Welfare Plan's First Set of Interrogatories (a true and correct copy of relevant portions is attached hereto as **Exhibit 2**), at No. 7; PACU, Inc.'s, Medical Plaza of San Pedro, Inc.'s, Minimally Invasive Surgical Team of Glendale, Inc.'s, Southbay Spine Group, Inc.'s, and S.H.A.R.P. Treatment of South Bay, Inc.'s First Supplemental

3

Amended Answers to ILWU-PMA Welfare Plan's First Set of Interrogatories (a true and correct copy of relevant portions is attached hereto as **Exhibit 3**), at No. 7.)

5. On October 17, 2016, and November 2, 2016, Defendants also propounded to each of the Plaintiffs a request for documents "relating to any alleged misrepresentations." (Bay City Surgery Center, Inc.'s Objections and Responses to ILWU-PMA Welfare Plan's First Set of Request for Production of Documents (a true and correct copy of relevant portions is attached hereto as **Exhibit 4**), at No. 10; PACU, Inc.'s, Medical Plaza of San Pedro, Inc.'s, Minimally Invasive Surgical Team of Glendale, Inc.'s, Southbay Spine Group, Inc.'s, and SHARP Treatment of South Bay, Inc.'s Responses to ILWU-PMA Welfare Plan's First Requests for Production (a true and correct copy of relevant portions is attached hereto as **Exhibit 5**), at No. 10.)

6. In response to the foregoing interrogatory and request for documents, every Plaintiff responded with the same response:

> ANSWER: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to the foregoing objection, Defendants or their agents pre-authorized all or the vast majority of the claims at issue. Despite pre-authorizing Plaintiff's services as medically necessary and agreeing to pay for them in accordance with the Plan terms, Defendants refused to pay what was owed. Claim files for most of the claims at issue in this lawsuit, including the pre-authorization letters, have been produced as Bates-labeled documents CONFIDENTIAL -- PLAINTIFFS 0000001-0100993. It is further believed that, with respect to certain claims, Defendants are now claiming that Plaintiff's services were not covered by the Plan at all, despite the fact that Defendants or their agents represented to Plaintiff before the services were performed that the services were, in fact, covered. However, Plaintiff is unable to identify any such instances until Defendants identify the services they claim are not covered by the Plan.

(*See* Ex. 2, at No. 7; Ex. 3, at No. 7; Ex. 4, at No. 10 ("pre-authorized most of the Claims at issue"); Ex. 5, No. 10 (same).)

7. Following Plaintiffs' responses to the foregoing interrogatory and request for documents, the parties' counsel engaged in multiple "meet and confer" conferences and exchanged correspondence on the subject.

8. Plaintiffs have yet to identify even one specific misrepresentation.

4

PINKSTON DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' FRAUD CLAIMS
CASE NO. 15-CV-6209-MWF (AFM)

9. Plaintiffs' counsel described Plaintiffs' evidence of oral misrepresentations as follows:

> Contrary to your letters, we have plenty of evidence of Defendants' oral representations regarding Plan coverage, including numerous audio recordings of calls between Plaintiffs and Defendants' agents in which Defendants' agents represented that particular patients and services would be covered by the Plan. As we have discussed in the past, Plaintiffs are working on organizing the audio recordings, so they can be produced in a meaningful manner. We will produce the audio recordings as soon as possible.

(E-mail correspondence from Zachary Thomas, Plaintiffs' counsel, to M. Ryan Pinkston, Defendants' counsel (July 3, 2017, 3:26 p.m. PST) (a true and correct copy of which is included in the e-mail chain attached hereto as Ex. 1).)

10. Plaintiffs concede that no relevant audio recordings exist. (*See* E-mail correspondence from Zachary Thomas, Plaintiffs' counsel, to M. Ryan Pinkston, Defendants' counsel (November 28, 2017, 4:04 p.m. PST) (a true and correct copy of which is included in the e-mail chain attached hereto as **Exhibit 6**).

11. Plaintiffs have stated that their fraud and negligent misrepresentation claims "will be supported by the patient insurance verification forms" produced by Plaintiffs and "the sworn testimony of representatives of Plaintiffs who participated in the pre-authorization process with the agents of the Plan." (Ex. 6.)

12. The 223 insurance verification forms produced by Plaintiffs generally include the patient's name, insurance card number, date of birth, and coverage amounts and patient responsibility amounts for procedures and services performed by both in-network and out-of-network providers.

13. The insurance verification forms do not provide the "who, what, when, where, and how" with respect to the alleged oral misrepresentations.

14. As of the date of Defendants' Motion, Plaintiffs refuse to identify or produce the "other documents" and "sworn testimony" upon which they purportedly will rely.

15. Plaintiffs' counsel has explained that Plaintiffs "cannot possibly know the extent of our fraud/negligent misrepresentation causes of action (as opposed to ERISA

5

PINKSTON DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' FRAUD CLAIMS
CASE NO. 15-CV-6209-MWF (AFM)

cause [sic] of action for Plan benefits) for particular claims until Defendants identify the particular claims they contend are not, in fact, covered by the Plan." (E-mail correspondence from Zachary Thomas, Plaintiffs' counsel, to M. Ryan Pinkston, Defendants' counsel (July 12, 2017, 2:17 p.m. PST) (a true and correct copy of which is included in the e-mail chain attached hereto as Ex. 1).

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 19th day of March 2018, at San Francisco, California.

*/s/ M. Ryan Pinkston*
M. Ryan Pinkston