CLARK HILL STRASBURGER
Charles "Scott" Nichols, SBN 224257
Jack G. Carnegie, Admitted Pro Hac Vice
Zachary W. Thomas, SBN 298174
909 Fannin, Suite 2300
Houston, TX 77010
Tel: (713) 951-5600
Fax: (713) 951-5660
scott.nichols@clarkhillstrasburger.com
zach.thomas@ clarkhillstrasburger.com

WILLIAMS KHERKHER LAW FIRM
E. Armistead "Armi" Easterby, Admitted Pro Hac Vice
Sean McCarthy, Admitted Pro Hac Vice
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Tel: (713) 230-2200
Fax: (713) 643.6226
aeasterby@williamskherkher.com
smccarthy@williamskherkher.com

*Attorneys for Plaintiffs, and Counterclaim Defendants Bay City Surgery Center, Inc., Medical Plaza of San Pedro, Inc., PACU, Inc., Minimally Invasive Surgical Team of Glendale, Inc., and Southbay Spine Group, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY CITY SURGERY CENTER, INC.; MEDICAL PLAZA OF SAN PEDRO, INC.; PACU, INC.; MINIMALLY INVASIVE SURGICAL TEAM OF GLENDALE, INC.; S.H.A.R.P. TREATMENT OF SOUTH BAY, INC. AND SOUTHBAY SPINE GROUP, INC.<br><br>*Plaintiffs*,<br><br>vs.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN BOARD OF TRUSTEES; INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN<br><br>*Defendants*. | Case No. 2:15-cv-6209<br><br>**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)**<br><br>Judge: Hon. Michael W. Fitzgerald |

1
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| | |
|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN BOARD OF TRUSTEES; INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN<br><br>*Counterclaimants,*<br><br>vs.<br><br>BAY CITY SURGERY CENTER, INC., MEDICAL PLAZA OF SAN PEDRO, INC. PACU. INC., MINIMALLY INVASIVE SURGICAL TEAM OF GLENDALE, INC., SOUTHBAY SPINE GROUP, INC., COSTAL VIEW GASTROENTEROLOGY, INC., AND COASTAL VIEW GASTROENTEROLOGY OF SOUTH BAY, INC.,<br><br>*Counter-Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § |

### STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs BAY CITY SURGERY CENTER, INC.; MEDICAL PLAZA OF SAN PEDRO, INC.; PACU, INC.; MINIMALLY INVASIVE SURGICAL TEAM OF GLENDALE, INC., S.H.A.R.P. TREATMENT OF SOUTH BAY, INC.; and SOUTHBAY SPINE GROUP, INC. ("Plaintiffs"), on behalf of themselves and as authorized representatives of their patients whose medical charges are at issue, file this Statement of Genuine Disputes of Material Fact pursuant to L.R. 56-2 in order to aid in the disposition of Document 180, Defendants' Motion for Summary Judgment.

2
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| **CONTROVERTING FACT** | **SUPPORTING EVIDENCE** |
|---|---|
| Paragraph 6.24 states:<br>6.24. No Benefits, monies, or property of the Welfare Fund shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge by any Longshoreman, Pensioner, Social Security Retiree, or any other person for any purpose other than by the Trustees for purposes herein provided, and any attempt to do so shall be void; provided, that (a) pursuant to Section 609(b) of ERISA, (i) payment for Benefits with respect to a person with Eligibility shall be made in accordance with any assignment of rights made by or on behalf of such person as required by a state plan for medical assistance approved under title XIX of the Social Security Act pursuant to section 1912(a)(1) of such Act (as in effect on the date of the enactment of the Omnibus Budget Reconciliation Act of 1993) (hereinafter referred to as a "State Approved Medical Assistance Plan"), and (ii) to the extent that payment has been made under a State Approved Medical Assistance Plan in any case for Benefits, for which the Plan has a legal liability, payment by the Plan for such Benefits will be made in accordance with any state law that provides that the State has acquired the rights with respect to a Participant to such payment for such Benefits; (b) payment for Benefits with respect to a person with Eligibility shall be made in accordance with any assignment of rights made by or on behalf of such person as otherwise | Barton Decl., at ¶¶ 8 (Ex. A), 12. |

3
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| CONTROVERTING FACT | SUPPORTING EVIDENCE |
|---|---|
| required by federal law; provided further that the Trustees, in their sole discretion, may approve the payment of Benefits directly to a service provide who has provided medical care to a person with Eligibility or to any other third-party to whom such person is indebted, provided that such person shall remain primarily liable at all times with respect to payment for such medical care or other indebtedness. Dkt. 180-6 at WPBC33081-82. Dkt. 180-6 at WPBC32959. | |
| The first version of Paragraph 6.24 appears on page 97 of a document entitled "Third Amended ILWU-PMA Welfare Agreement as Amended Through the Sixth Amendment Thereto Effective July 1, 1993." | Dkt. 180-6. |
| The plan document in which the first version of Paragraph 6.24 appears is a total of 251 pages and Paragraph 6.24 is located within the Plan's "General Provisions" section. | Dkt. 180-6 at WPBC32959. |
| The Table of Contents for the Third Amended ILWU-PMA Welfare Agreement as Amended Through the Sixth Amendment Thereto Effective July 1, 1993 does not list an anti-assignment clause and Paragraph 6.24 does not appear in the Table of Contents. | Dkt. 180-6 at WPBC32859, Dkt. 180-6 at WPBC32959. |
| Paragraph 6.24 appears in the same type-set and font as the surrounding text in the Third Amended ILWU-PMA Welfare Agreement as Amended Through the Sixth Amendment Thereto Effective July 1, 1993. | Dkt. 180-6 at WPBC32959. |

4
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| **CONTROVERTING FACT** | **SUPPORTING EVIDENCE** |
|---|---|
| Paragraph 6.24 was amended by the Tenth Amendment to the Plan Agreement, effective January 1, 2002. | Dkt. 180-5 at ¶12 (citing WPBC33081). |
| The 2002 amendment adopting Paragraph 6.24 does not contain a heading indicating that Paragraph 6.24 is an anti-assignment clause. | Dkt. 180-5 at ¶12 (citing WPBC33081). |
| The Plan's Table of Contents was not updated in 2002 to indicate the presence of an anti-assignment clause. | Dkt. 180-5 at ¶12 (citing WPBC33081). |
| Copies of the SPD that are publicaly available on the BPO's website at www.benefitplans.org represent that the Plan permits certain assignments as follows:<br><br>**Assignment**<br><br>Generally, Welfare Plan benefits or the rights to receive such benefits may not be assigned to any third party *other than doctors or other providers of care*. However, ERISA provides that in the case of persons with coverage under a State Medicaid program, automatic assignment of benefits to State Medicaid agencies is enforceable against the Plan. | Dkt. 180-7, SPD; www.benefitplans.org |
| When Plan participants and beneficiaries came to Plaintiffs for healthcare services they would present medical cards in the name of "ILWU-PMA Coastwise Indemnity Plan" with an address for submittal of claims and a toll free telephone number for questions about eligibility and benefits. | Decl. of Andrew Morris in Support of Opposition to MSJ on Negligent Misrepresentation and Fraud Claims |

5
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| **CONTROVERTING FACT** | **SUPPORTING EVIDENCE** |
|---|---|
| The Plan participants and beneficiaries signed assignments of benefits (AOBs) or declarations of authorized representatives (DARs) in connection with the Plaintiffs' provision of healthcare services. The AOBs and DARs state: | Decl. of Andrew Morris in support of Opposition to MSJ on ERISA claims |
| *Legal Assignment of Benefits and Designation Of Authorized Representative*<br><br>In considering the amount of medical expenses to be incurred, I, the undersigned, have insurance and/or employee health care benefits coverage with the above captioned, and hereby assign and convey directly to the above named healthcare provider(s), as my designated Authorized Representative(s), all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered from such provider(s), regardless of such provider's managed care network participation status.  I understand that I am financially responsible for all charges regardless of any applicable insurance or benefit payments.  I hereby authorize the above named provider(s) to release all medical information necessary to process my claims under HIPAA.  I hereby authorize any plan administrator or fiduciary, insurer and my attorney to release to such provider(s) any and all plan documents, insurance policy and/or settlement information upon written request from such provider(s) in order to claim such medical benefits, reimbursement or any applicable remedies.  I authorize the use of this signature on all my insurance and/or employee health benefits claim | |

6
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| CONTROVERTING FACT | SUPPORTING EVIDENCE |
|---|---|
| submissions.<br><br>I hereby convey to the above named provider(s), to the full extent permissible under the law and any other applicable employee group health plan(s), insurance policies or liability claim, any claim, chose in action, or other right I may have to such group health plans, health insurance issuers or tortfeasor insurer(s) under any applicable insurance policies, employee benefits plan(s) or public policies with respect to medical expenses incurred as a result of the medical services I received from the above named provider(s), and to the full extent permissible under the law to claim or lien such medical benefits, settlement, insurance reimbursement and any applicable remedies, including, but are not limited to, (1) obtaining information about the claim to the same extent as the assignor; (2) submitting evidence; (3) making statements about facts or law; (4) making any request, or giving, or receiving any notice about appeal proceedings; and (5) any administrative and judicial actions by such provider(s) to pursue such claim, chose in action or right against any liable party or employee group health plan(s), including, if necessary, bring suit by such provider(s) against any such liable party or employee group health plan in my name with derivative standing but at such provider(s) expenses. Unless revoked, this assignment is valid for all administrative and judicial reviews under PPACA, ERISA, Medicare and applicable federal or state laws. | |

7
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| **CONTROVERTING FACT** | **SUPPORTING EVIDENCE** |
|---|---|
| The Plaintiffs communicated with the Plan's Trustees and alerted them to the existence of the AOBs and DARs. The Trustees then took any actions directed toward Plaintiffs that were inconsistent with or contrary to the anti-assignment provision. | Decl. of Andrew Morris in support of Opposition to MSJ on ERISA claims |
| The Plan verified eligibility and member benefits for members and beneficiaries who were treated by Plaintiff. | Decl. of Andrew Morris in Support of Opposition to MSJ on Negligent Misrepresentation and Fraud Claims |
| The Plan pre-authorized medical procedures for members and beneficiaries who were treated by Plaintiff. | Decl. of Andrew Morris in support of Opposition to MSJ on ERISA claims |
| Although aware of the AOBs and DARs prior to suit, the Trustees did not object to the AOBs or DARs or raise them as a barrier to payment until the filing of this suit. | Decl. of Andrew Morris in support of Opposition to MSJ on ERISA claims |
|  |  |

8
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218

| | |
|---|---|
| Dated: April 11, 2018. | Respectfully submitted, |
| | CLARK HILL STRASBURGER |
| | By: _____ |
| | Charles "Scott" Nichols<br>Jack G. Carnegie<br>Zachary W. Thomas |
| | And |
| | WILLIAMS KHERKHER LAW FIRM |
| | By: */s/ Armi Easterby* <br> E. Armistead "Armi" Easterby<br>Sean McCarthy |
| | *Attorneys for Plaintiffs, and Counterclaim Defendants Bay City Surgery Center, Inc., Medical Plaza of San Pedro, Inc., PACU, Inc., Minimally Invasive Surgical Team of Glendale, Inc., and Southbay Spine Group, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, the foregoing document was served on all counsel of record by Notice of Electronic filing via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

_____
Charles "Scott" Nichols

9
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 180)
CASE NO.: 15-CV-6209 MWF (AFM)

3231306.1/SPH/31974/0102/041218